Jeffrey S. Allison
Nevada Bar No. 8949
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, California  92618
Phone: (949) 679-1111
Fax: (949) 679-1112

Daniel S. Ivie
Nevada Bar No. 10090
HOUSER & ALLISON
A Professional Corporation
3595 S. Town Center Drive, Ste. 105
Las Vegas, Nevada 89135
Phone: (949) 679-1111
Fax: (949) 679-1112

Attorneys for Defendants OCWEN LOAN SERVICING, LLC, erroneously named as OCWEN LOAN SERVICING, and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-8, erroneously named as US BANK, N.A.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLIAM L. SNYDER & NORMA M. FELDMAN-SNYDER<br><br>           Plaintiffs,<br><br>vs.<br><br><br>US BANK, N.A. & OCWEN LOAN SERVICING<br><br>           Defendants | CASE NO.: 2:14-cv-01697-MMD-PAL<br><br>HON. MIRANDA M. DU<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[F.R.C.P. 12(b)(6); F.R.E. 201]** |

**TO THE CLERK OF THE COURT AND PLAINTIFFS IN PRO SE:**

**PLEASE TAKE NOTICE** that Defendants OCWEN LOAN SERVICING, LLC ("Ocwen") and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED

1

ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-8 ("US Bank"), erroneously named herein, collectively "Defendants," will and hereby do move the above Court to dismiss Plaintiffs' Complaint ("Cplt") with prejudice.

The Motion is made pursuant to F.R.C.P. 12(b)(6) on the grounds that Plaintiffs' Complaint fails to state a claim against Defendants upon which relief can be granted and improperly requests punitive damages. This Motion is based upon this Notice, the attached Memorandum of Points & Authorities, matters of which judicial notice is requested or proper, and upon all pleadings, papers and documents on file herein, as well as any oral argument which may be presented at the time of any hearing. Pursuant to Local Rule 7-2, any Response and/or Opposition must be filed with the Court and served within 15 days after service. Any Reply must be filed with the Court and served within 11 days after service of any Response or Opposition.

**AFFIRMATION PURSUANT TO N.R.S. 239B.030**

The undersigned hereby affirms that the above document does not contain a social security number pursuant to N.R.S. § 239.030B.

DATED: October 21, 2014

HOUSER & ALLISON
A Professional Corporation

/s/ Jeffrey S. Allison
Jeffrey S. Allison, Esq.
Attorneys for Defendants OCWEN LOAN SERVICING, LLC and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-8

2

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    **INTRODUCTION**

This is Plaintiff Norma M. Feldman-Snyder's third action filed against parties to the subject loan, including US Bank and Ocwen. Plaintiff filed her first action on January 18, 2013 which was removed to this Court and styled as Norma M. Feldman-Snyder v. Lehman Brothers Holdings, Inc., et al., Case No. 2:13-cv-00445-MMD-VCF ("first action"). Plaintiff's complaint alleged claims challenging the origination, securitization, assignment and/or foreclosure of the subject loan. [See first action, Docket No. 1]. The Court granted US Bank's motion to intervene and its motion to dismiss along with motions to dismiss by the other Defendants. [See first action, Docket Nos. 36, 39]. The Court then dismissed the action and entered judgment against Plaintiff on January 28, 2014. [See first action, Docket Nos. 44, 45].

Plaintiff filed her second action on October 16, 2013 which was styled as Norma M. Feldman-Snyder v. Sand Canyon Corporation, et al., Case No. 2:13-cv-01900-LDG-GWF ("second action"). Plaintiff's complaint again asserted claims challenging the origination, securitization, assignment and/or foreclosure of the subject loan. Plaintiff's complaint also included US Bank and Ocwen as named defendants. [See second action, Docket No. 1]. The Court ultimately dismissed Plaintiff's second action on May 15, 2014 for failure to serve the defendants or otherwise prosecute the action. [See second action, Docket No.7].

Plaintiffs' In Pro Se Complaint in this third sequel action removed to this Court is again not delineated by paragraphs, page numbers, or labeled causes of action. [See Docket No. 1]. The Complaint asserts essentially one claim for fraud and based thereon seeks to enjoin the foreclosure of the admittedly defaulted loan. The Complaint begins with the general legal conclusion that it "sufficiently alleges fraud and misrepresentation." (Cplt. pp. 1-2). Plaintiffs' allege the purchase of the "subject property…on or about 04/30/2004…for the amount of

3

1  $238,000.00" was financed with a secured loan. (Cplt., p. 1; and see Request for Judicial Notice
2  ("RJN") Exhs. 1, 2).  The Complaint alleges Plaintiffs made payments on the loan "for 8 years
3  totaling over $153,600.00."  (Cplt. p. 2).  Plaintiffs allege they have since sought to modify the
4  loan. (Cplt. pp. 2-3).  The Complaint does not otherwise identify the provisions of the loan
5  contract, parties thereto such as the original lender, the borrower(s) signing the loan contract, or
6  what if any interest is held therein by Plaintiff William L. Snyder.
7
8        Plaintiffs essentially use their vague Complaint as another tool to challenge Defendants'
9  loan and coerce some discounted loan modification to their liking.  Plaintiffs "pray for a realistic
10 relief of a plausible Home Retention solution at fair market value and an injunctive order to
11 prevent foreclosure until all attempts are exhausted." (Cplt. p. 6).  There is no contractual or
12 legal duty to modify the loan.  There is nothing about any tender of payments or attempt to bring
13 the loan current in the interim.  Plaintiffs lack standing.  Their fraud Complaint is out of context
14 and fails as a matter of law against these Defendants.  Defendants are again entitled to dismissal
15 with prejudice.
16
17 **II.      STANDARDS APPLICABLE TO MOTION**
18       Under Federal Rule of Civil Procedure 12(b)(6), a dismissal is proper where the
19 complaint fails to state either a "cognizable legal theory" or "sufficient facts alleged under a
20 cognizable legal theory."  Balistieri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990);
21 Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Mendiondo v. Centinela Hosp. Med.
22 Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008) (complaint "must allege sufficient facts 'to raise a
23 right to relief above the speculative level.'"); Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)
24 (the complaint does not allege sufficient facts to raise a right to relief above the speculative
25 level if it contains nothing more than "labels and conclusions" or a "formulaic recitation of the
26 elements of a cause of action.").  A motion to dismiss should be granted if the complaint
27
28

presents claims that do not "raise a right to relief above the speculative level" or do not allege sufficient facts to state a claim that is plausible on its face. Twombly at 558-59; Aschcroft v. Iqbal, 129 S.Ct. 1937, 1950, 55, 74 (2009).

On a motion to dismiss, the Court need not accept as true unwarranted deductions of fact, legal characterizations, conclusory allegations or unreasonable inferences in a complaint. See, State of Nev. v. Buford, 708 F.Supp. 289, 292 (1989); Western Mining Council v. Watt, 643 F.2d 628, 624 (9th Cir. 1981). For example, an allegation that "defendant fraudulently induced plaintiff" is merely a conclusion which may be disregarded absent other specific supporting allegations. See, SEC v. Seaboard Corp. 677 F.2d 1315, 1316 (9th Cir. 1982). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. At 1949-50 (quoting Twombly, 550 U.S. at 555); see also, Clegg v. Cult Awareness Netword, 18 F.3d 752, 754-55 (9th Cir. 1994).

Further, the Court may disregard allegations in a complaint if contradicted by facts established in documents exhibited, referenced, or which are central to the plaintiff's claims. Id; and see, Wynn v. Clark Co. Bd. Of Com'rs., 74 Fed.Appx. 808, 809 (9th Cir. 2003) citing to, Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998); During v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987); Branch v. Tunnel, 14 F3d 449, 454 (9th Cir. 1994) (court may consider documents exhibited, referred to, or that are central to Plaintiffs' complaint); Cortec Industries, Industries, Inc. v. Sum Holdings, L.P., 949 F.2d 42, 47 (2nd Cir. 1991). This prevents plaintiffs from deliberately omitting references to documents upon which their claims are based. Parrino, id.; Cortec, id. Where an essential element of a claim for relief is absent, judgment is proper. Cf., Bulbman, Inc. v. Nevada Bell, 108, Nev. 105, 111, 825 P.2d 588, 592 (1992).

### III. PLAINTIFF WILLIAM SNYDER LACKS STANDING UNDER THE LOAN

The Complaint does not describe the respective interests or involvement of each of the Plaintiffs. That is because Plaintiff WILLIAM L. SNYDER was and is not a signatory, party or borrower under the secured loan contract, i.e. the Note and Deed of Trust.[1] As confirmed by the public record, the loan contract was executed and delivered only by Plaintiff NORMA M. FELDMAN, "an unmarried woman." (RJN Exhs. 1, 2). There was no amended loan contract or assumption agreement by WILLIAM L. SNYDER. The Complaint does not and cannot allege otherwise. Plaintiff WILLIAM L. SNYDER does not have standing.

### IV. PLAINTIFFS LACK STANDING TO CHALLENGE THE SECURITIZATION, ASSIGNMENT, OR MODIFICATION OF THE LOAN

Plaintiffs were not parties to the securitization or subsequent assignments of the loan, and lack standing to challenge it as a means to prevent the power of foreclosure. See, Bridge v. Aames Cap. Corp., 2010 WL 3834059 at * 3, 5 (N.D.Ohio Sept. 29, 2010) ("Courts have routinely found that a debtor may not challenge an assignment between an assignor and assignee….Given that Plaintiff was not a party to the assignment of the Mortgage between [assignor] and [assignee]…Plaintiff does not have standing to assert her claim.").[2] Courts have also found no private right of action for wrongful foreclosure based on the alleged identity of the foreclosing parties. See e.g., Berilo v. HSBC Mortg. Corp., USA, 09-0253, 2010 WL 2667218,

---

[1] See, Grove v. Mead Sch. Dist. No. 354, 753 F.2d 1528, 1531 (9th Cir. 1985) (plaintiffs generally have no standing to assert the rights of third parties); Treadway v. W. Cotton Oil & Ginning Co., 10 P.2d 371, 375 (1932) ("As a general rule only the parties and privies to a contract may enforce it."): Goode v. St. Stephens United Methodist Church, 494 S.E.2d 827, 833 (S.C. Ct. App. 1997) ("Generally, a third person not in privity of contract with the contracting parties has no right to enforce the contract.").

[2] Plaintiffs' lack of standing is well established. See also, Byczek v. Boelter Cos., Inc., 230 F.Supp.2d 843, 845 (N.D.Ill. 2002) (third party "lacks standing to challenge the validity of the assignment,"); Liu v. T & H Mack, Inc., 191 F.3d 790, 797 (7th Cir. 1999) (third party "lacks standing to attack any problems with the reassignment."); Livonia Prop. Holdings LLC, 717 F.Supp.2d at 735 ("Borrower disputes the validity of the assignment documents. But, as a non-party to those documents, it lacks standing to attack them."); Blackford v. Westchester Fire Ins. Co., 101 F. 90 (8th Cir. 1900).

*4 (D.Nev. June 29, 2010 ("allegations regarding the identity of the party who records notices and the timing of the substitution cannot create actionable claims.")).

Additionally, borrowers do not have standing to challenge or assert a claim based on the pooling and securitization of a loan by and between other parties. See, Lindsay v. Vamerica's Wholesale Lender, 2012 WL 83475 * 3-4 (C.D.Cal. Jan. 10, 2012); Armeni v. America's Wholesale Lender, 2012 WL 253967 (C.D.Cal. Jan. 25, 2012); Graham v. Recontrust Company, N.A., et al., 2012 WL 1035712 (D.Or. March 27, 2012). In Lindsay, the plaintiff borrowers filed a wrongful foreclosure action and alleged that the beneficiary of the loan had no authority to collect due to an improper transfer of the securitized loan into a trust. The plaintiffs did not and could not allege they were a party to or investor in the trust. The Court upon motion to dismiss cited relevant authorities for lack of a cognizable claim as follows:

> *Bascos v. Federal Home Loan Mortg. Corp.*, No. CV 11-3968-JFW (JCx), 2011 WL 3157063, at * 6 (C.D.Cal. July 22, 2011) ("To the extent Plaintiff challenges the securitization of his loan because Freddie Mac failed to comply with the terms of its securitization agreement, Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust."); *In re Correia*, 452 B.R. 319, 324 (1st Cir. BAP 2011) (where debtors asked court to declare mortgage assignment invalid based on breach of Pooling Services Agreement, a contract to which debtors were not a party nor third-party beneficiaries, the court found that debtors lacked standing to object to any breaches of the terms of the PSA).

The Court dismissed the plaintiffs' complaint. Lindsay at * 3-4; and see, Armeni, supra, at * 2-3.

Plaintiffs' Complaint does not and cannot allege a basis to circumvent the above law that they have no standing or claim to challenge the prior securitization or assignment of the loan. To the extent Plaintiffs challenge the failure of prior servicers and/or these Defendants to modify Ms. FELDMAN's loan under the Federal Home Affordable Modification Program ("HAMP"), Plaintiffs do not have any such private right of action either.[3] If the borrower Plaintiff NORMA

---

[3] Plaintiffs do not have a private right of action to complain of defendants under the Federal "Home Affordable Modification Program ("HAMP"). See, Williams v. Geithner et al., 2009 WL 3757380 * 2-3

7

M. FELDMAN has no standing to challenge the securitization or assignment of the loan, or private right of action to challenge or coerce a HAMP modification upon these Defendants, then certainly the non-borrower Plaintiff WILLIAM L. SNYDER has no standing or private right of action under the Complaint.  Plaintiffs' Complaint cannot state a claim upon these grounds.  The Court made a similar determination in Plaintiff's first action.  [See first action, Docket No. 39].

V.     **PLANTIFFS' FRAUD COMPLAINT CANNOT STATE THE CLAIM AGAINST THESE DEFENDANTS**

Despite the conclusion of fraud, Plaintiffs' Complaint presents a case that is contractual in nature based upon the alleged 2004 loan contract, requests to the prior servicer to modify the loan contract, and foreclosure of the defaulted loan.  The rights and remedies are governed by the loan contract and foreclosure statutes, not the law of intentional torts which are out of context and misplaced.  The subsequent service transfer to Ocwen does not state a claim for another's alleged intentional tort in this contractual setting.  Plaintiffs cannot recover in tort from these Defendants for any economic losses or damages alleged from the tort of another.[4]  Plaintiff's

---

(D.Minn. Nov. 9, 2009) (no provision of loan documents or HAMP requires a modification be given to borrowers); Aleem v. Bank of America et al., 2010 WL 532330, at * 3-4 (C.D.Cal. Feb. 9, 2010) (no private right of action under HAMP including claims for failing to evaluate the borrower for a HAMP modification, failing to offer other Federal programs as alternatives, and failing to temporarily suspend foreclosure while considering a HAMP modification), citing to, Baker v. Northlan Mortg. Co., 344 F.Supp. 1385, 1386 (D.C.Ill. 1972) (the National Housing Act does not provide a private right of action); Delgadillo v. Countrywide Home Loans, Inc., 2009 WL 5064943, at * 1-2 (C.D.Cal. Dec. 23, 2009) (remanding for lack of federal jurisdiction as to state claims predicated in part on defendants' failure to comply with HAMP loan modification guidelines, and noting that HAMP "does not mandate federal jurisdiction"); Villa v. Wells Fargo Bank, N.A., 2010 WL 935680 * 3 (S.D.Cal. March 15, 2010) (motion to dismiss claims under HAMP granted in that it does not require loan servicers to modify eligible loans and borrowers lacked standing to enforce under HAMP).

[4] Ocwen cannot be liable even as contractual assignee for any intentional tort alleged of another prior party or predecessor. Courts hold that loan assignees and subsequent servicers cannot be liable for the conduct of prior parties to the loan, e.g. such as mortgage brokers.  See, Lingad v. Indymac Fed. Bank, 682 F.Supp.2d 1142, 1152 (E.D.Cal. 2010) (lender is not liable for broker where no agency relationship existed); and see, Apollo Group, Inc. v. Avnet, Inc., 58 F.3d 477, 479 (9th Cir. 1995) ( "Generally, under the 'economic loss' rule, a plaintiff who suffers only pecuniary injury as a result of the conduct of another

loan contract contains no provision regarding a loan modification or any obligation to modify the loan.  (RJN Exhs. 1,2).  There is no further contractual or legal requirement by these Defendants to modify Plaintiff's loan.[5]

Plaintiffs' fraud Complaint fails on the elements.  The elements of fraud must be alleged "with a high degree of meticulousness" and specificity: (1) a material representation or deceit that is false; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damages.  Stearns' Properties v. Trans-World Holding Corp., 492 F.Supp. 238, 241-42 (D.Nev. 1980); Desaigoudar v. Meyercord, 223 F.3d 1020, 1022-23 (9th Cir. 2000).  The circumstances must be detailed including the time, place and identity of the parties involved.  Brown vs. Keller, 97 Nev. 582, 636 P.2d 874 (1981); Williams vs. WMX Technologies, Inc. 112 F.3d 175, 178 (5th Cir. 1997) (fraud requires "the plaintiff to allege the who, what, where, and when of the alleged fraud.").

Additionally, a plaintiff must explain how and why a statement is false.  George v. Morton, 2007 WL 680787, *9 (D. Nev. March 1, 2007).  "Allegations of fraud, without specificity of the particulars, are merely the allegations of opinions, not actions."  Graziose v. Am. Home Products Corp., 202 F.R.D. 638, 642 (D. Nev. 2001).  When multiple defendants are named in the complaint, the Plaintiff must specifically identify each defendant's role in the alleged fraud.  See, Swartz v. KPMG LLP, 476 F.3d. 756, 764-765 (9th Cir. 2007) (internal

---

cannot recover those losses in tort" ); Marks v. Ocwen Loan Servicing, LLC, 2009 WL 975792 * 4 (N.D.Cal. Apr. 10, 2009) (regarding alleged fraud claims dismissed by the Court, "the Court noted that plaintiff alleged that defendants made false statements that they were "properly and legally the new servicer" of her loan in her FAC, but indicated that it was unclear how the defendants in this case could be liable for false statements made by the loan originators prior to assignment of the loan.").

[5]   There is no provision in the Deed of Trust or legal duty to modify a borrower's loan, even if the loan initially qualified.  See, Escobedo v. Countrywide Horne Loans, Inc., 2009 WL 4981618, *3 (S.D.Ca1. 2009); Argueta v. J.P. Morgan Chase, 2011 U.S. Dist. LEXIS 70756, at *14-16 (E.D.Cal. June 30, 2011); DeLeon v. Wells Fargo Bank, N.A., 2010 U.S. Dist. LEXIS 112941, at *9-12 (N.D.Cal. Oct. 22, 2010); Coppes v. Wachovia Mortg. Corp., 2011 U.S. Dist. LEXIS 42061, at *17-18 (E.D.Cal. Apr. 13, 2011).

9

citations omitted.). General, vague, or conclusory allegations are insufficient and to be disregarded. <u>Moore v. Kayport Package Express, Inc.</u>, 885 F.2d 531, 540 (9th Cir. 1989); <u>Lone Star Ladies Invest. Club v. Schlotzky's Inc.</u>, 238 F.3d 363, 368 (9th Cir. 1996).

Plaintiffs' Complaint does not and cannot sufficiently and plausibly extend their fraud claim to these Defendants. The Complaint does not delineate between Defendants Ocwen and US Bank in this regard. There are no allegations with specificity that either Defendant knowingly made a false representation with intent. The majority of the vaguely alleged events are with parties prior to the loan service transfer to Ocwen on March 1, 2013. (Cplt. pp. 1-2; RJN Exh. 4). There is no allegation that these Defendants promised either of the Plaintiffs a loan modification based on anything from the prior parties or otherwise. The Complaint lacks the allegations of the who, what, where, when, how, and by what authority these Defendants purportedly engaged in fraud separate and apart from the prior parties and the rights and remedies under the loan contract or foreclosure statutes.

The Complaint does not allege that Plaintiffs changed their position and justifiably relied upon anything said by Ocwen or US Bank. Indeed, the Complaint alleges Plaintiff stopped making her loan payments and applied for a loan modification long before the servicing of the loan was transferred to Ocwen. The Complaint then alleges a further application to Ocwen was denied. (Cplt. p. 2). There is no allegation that these Defendants have actually commenced or completed any foreclosure. The fraud claim against these Defendants fails on the elements. These Defendants should be dismissed.

## VI. **PLAINTIFFS' COMPLAINT MUST BE DISMISSED BECAUSE THE LOAN DEFAULT HAS NOT BEEN CURED**

Regardless of the above, an action challenging a loan foreclosure as wrongful in some regard will not lie if the borrower does not "establish that at the time the power of sale was

exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of power of sale." See, Collins v. Union Federal Sav. & Loan Ass'n., 99 Nev. 284, 662 P.2d 610, 623 (1983); Pimental v. Countrywide Home Loans, Inc., 2011 WL 2619093 (D.Nev. 2011) ("Nevada recognizes the tort of wrongful foreclosure only where a homeowner essentially asserts a lender wrongfully exercised the power of sale and foreclosed upon his or her property when the mortgagor was not in default on the mortgage loan.") (*citing* Collins); and, Ernestberg v. Mortgage Investors Group, 2009 WL 160241, *6 (D.Nev. 2009). This requirement comes from the age old maxim, he who seeks equity must do equity. See, McQuiddy v. Warem, 87 U.S. 14, 19 (1873). Thus, the plaintiff must show they were not "in default when the power of sale was exercised." Collins, 99 Nev. at 304.[6] Without such a claim, the presumption is that Plaintiffs cannot maintain an action challenging foreclosure of a defaulted loan. Id.

Plaintiffs' Complaint admits the loan default eight years after the loan was originated in 2004. (Cplt. p. 1). Indeed, there have been no payments made on the defaulted loan for two

---

[6] Nevada follows to a large extent California foreclosure law. California courts have also long established the "tender rule," i.e. in order to maintain an action based on any claims challenging foreclosure. The borrower must first offer or actually pay the entire loan amount or at least the amount reasonably due. See, Munger v. Moore, 11 Cal.App. 3d 1, 6, 89 Cal.Rptr. 323 (1970); FPCI Re-Hab 01 v. E & G Investments, Ltd., 207 Cal.App.3d 1018, 1022 (1989); United States Cold Storage v. Great Western Savings & Loan Association, 165 Cal.App.3d 1214, 1225, 212 Cal.Rptr. 232 (1985); Arnolds Management Corp. v. Eishen , 158 Cal.App. 3d 575, 577, 205 Cal.Rptr. 15 (1984); Bisno v. Sax , 175 Cal.App.2d 715, 346 P.2d 814 (1995); was due); Arnolds Management Corp. v. Eischen, 158 Cal.App.3d 575, 577-580, 205 Cal.Rptr. 15 (1984); Karlsen v. American Savings & Loan Association, 15 Cal.App. 3d 112 (1971); Abdallah v. United Savings Bank, 43 Cal. App. 4th 1101, 1109 (Cal.Ct.App. 1996) (a party must tender the undisputed amount due and owing to challenge the validity of the foreclosure sale). Courts in Nevada have followed an analogous tender rule as well. The tender rule was again recognized by the Court stating that "reversing a [foreclosure] sale would be an extraordinary act of equity in a case where there is in fact a default, and Plaintiffs have not indicated any ability or willingness to do equity (by paying the mortgage arrearage) to receive such a remedy." Olivas v. Carrington Mortg. Loan Trust, 2011 WL 240229 * 4 (D.Nev. Jan. 20, 2011); and see, Smith v. Community Lending, 2011 WL 1127046 * 2 (D.Nev. March 29, 2011) (Under Nevada law, "no damages claim for wrongful foreclosure lies where there is in fact a default.").

years since November 1, 2012.  The Complaint contains no allegation of any tender of payment to bring current or reinstate the loan.   Plaintiffs' Complaint must be dismissed.

## VII.     CONCLUSION

For the reasons set forth above, it is respectfully requested that the Motion be GRANTED and judgment of dismissal of Defendants be entered with prejudice, and for such other and further relief as deemed just and appropriate.

DATED:  October 21, 2014                               HOUSER & ALLISON
                                                                     A Professional Corporation

                                                                     /s/ Jeffrey S. Allison
                                                                     Jeffrey S. Allison, Esq.
                                                                     Attorneys for Defendants OCWEN LOAN SERVICING, LLC and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-8

## CERTIFICATE OF MAILING

I hereby certify that I am over the age of eighteen (18), that I am not a party to this action, and that on this date I caused to be served a true and correct copy of the following documents:

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

By:   X   U.S. Mail

  __   Facsimile transmission
  __   Overnight Mail
  __   Hand and/or Personal Delivery

and addressed to the following:

WILLIAM L. SNYDER
NORMA M. FELDMAN-SNYDER
2336 Danville Ct.
Henderson, NV 89074

Plaintiffs in Pro Se


Dated:  October 21, 2014

s/ Courtney Hershey
An employee of HOUSER & ALLISON, APC