William L. Snyder
Norma M. Feldman - Snyder
2336 Danville Court
Henderson, NV 89074
Phone:  702-498-4290
bsny50@gmail.com
*Plaintiffs Pro Se*

2014 OCT 30  P 12: 12

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| William L. Snyder & Norma M. Feldman - Snyder<br><br>Plaintiff(s),<br><br>V<br><br>U.S. Bank N.A., Ocwen Loan Servicing, LLC<br><br>Defendant(s) | Case No. 2:14-cv-01697-MMD-PAL |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiffs, William L. Snyder & Norma M. Feldman - Snyder in proper persons hereby submit this opposition to Defendants' Motion to Dismiss the Complaint with Prejudice. The Plaintiffs Complaint not only meets but exceeds the standards governing the form of a complaint contemplated by Federal Rule of Civil Procedure 8(a), this Court has subject



matter jurisdiction in this matter, and the Complaint sufficiently alleges consumer harm and damage. Accordingly, Defendants' motion should be denied.

### I. **The Plaintiffs claims are sufficiently stated**

Defendants move to dismiss the Plaintiffs Complaint for" Failure to State a Claim upon which relief can be granted". In support of their Motion, Defendants argue that the Complaint lacks actual injury; and lacks a factual basis. Defendants cite no valid authority to support the proposition that these or any other supposedly missing ingredients are, in fact, required in the Plaintiffs Complaint. Federal Rule of Civil Procedure 8(a) states that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Supreme Court has explained that a complaint need only "give the defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests". *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *accord Atchison, Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557, 568 n.15(1987) (under Federal Rule 8, claimant has "no duty to set out all of the relevant facts in his complaint"). "Specific facts are not necessary in a Complaint; instead, the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"*Epos Tech.*, 636 F. Supp.2d 57, 63 (D.D.C. 2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S.544, 555 (2007)). Thus, the Federal Rules embody "notice pleading" and require only a concise statement of the claim, rather than evidentiary facts. Accordingly, Defendants' Motion would be considered properly filed only "where a plaintiff's complaint is 'unintelligab[le] (sic),' not where

a complaint suffers for 'lack of detail.'" *Epos Tech.*, 636 F. Supp. 2d at 63 (citations omitted).

The simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of un-meritorious claims. *See Swierkiewicz*, 534 U.S. at 512. Indeed, courts have found that if the information sought by the motion is obtainable through discovery, the motion should be denied. *See, e.g., Towers Tenant Ass'n v. Towers Ltd. P'ship*, 563 F. Supp. 566, 569 (D.D.C. 1983) (denying motion for a more definite statement because details such as "dates, times, names and places" are "the central object of discovery, and need not be pleaded").

Here, the Plaintiff's Complaint is not unintelligible or confusing and does not violate Federal Rule of Civil Procedure 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." The Complaint has a more than sufficient statement of the claim and more than meets the requirement that it be "short and plain." For example, the Complaint specifically identifies the actions of Defendants and how those actions are wrongful. The referenced cases in the Motion should hold no bearing on this claim. The court has documented proof that both said cases were dismissed 1) in effort to research and form second claim 2) due to attorney's failure to appear. Plaintiff's believe the arguments made in Feldman-Snyder v. Sand Canyon Corp. et al. have very valid claims and clear examples proving such. However following an absentee counsel the plaintiffs were instructed to attempt solution through new servicer. These although vaguely semantically comparable, in fact no way resemble nor favor each other. This can easily be verified by the difference in claims, causes of action, defendants and volume in entirety. The claim in question meets the requirements and warrants further attention than described by moving party.

### III. The Plaintiff has alleged actual harm.

As stated above, the plaintiffs Complaint alleges actual consumer harm and injury in said complaint. The plaintiffs claim also meets required standing requirements of: Injury, Causation & Redress ability.

## IV. Conclusion.

In short, the Plaintiffs Complaint fully complies with the pleading requirements of Federal Rule of Civil Procedure 8(a) and provides Defendants fair notice of the charges against them and the grounds therefore. Accordingly, for the reasons set forth herein, the Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss the Complaint with Prejudice.

Dated: October 30th, 2014                                   respectfully submitted,

                                                            _____
                                                            William L. Snyder

                                                            _____
                                                            Norma M. Feldman- Snyder

## Certificate of Mailing

I HEREBY CERTIFY on the \_\_\_\_30th\_\_\_\_ day of \_\_October\_\_, 2014 I placed and true and correct copy of the foregoing OPPOSITION FOR MOTION TO DISMISS in the United States Mail at Las Vegas, Nevada, with first class prepaid postage addressed to :

Jeffery Allison
9970 Research Drive
Irvine, CA 92618

Dated: October 30th, 2014                    respectfully submitted,

_____
William L. Snyder

_____
Norma M. Feldman - Snyder