UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM L. SNYDER and NORMA M. FELDMAN-SNYDER,<br><br>                          Plaintiffs,<br>    v.<br><br>U.S. BANK, N.A. and<br>OCWEN LOAN SERVICING, LLC,<br><br>                          Defendants. | Case No. 2:14-cv-01697-MMD-PAL<br><br>ORDER<br><br>(Defendants' Motion to Dismiss — dkt. no. 8) |

**I.  SUMMARY**

Before the Court is Defendants U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2004-8 ("U.S. Bank"), and Ocwen Loan Servicing, LLC's ("Ocwen") Motion to Dismiss ("Motion"). (Dkt. no. 8.) or the reasons discussed below, the Motion is granted.

**II.  BACKGROUND**

The following facts are taken primarily from the Complaint. On April 30, 2004, Plaintiff Norma M. Feldman-Snyder purchased real property located at 2336 Danville Court in Henderson, Nevada for $238,000.00. Plaintiff executed a promissory note ("Note") secured by a deed of trust ("Deed of Trust").[1] (Dkt. no. 1 at 9.) On or about the third quarter of 2012, Plaintiffs William L. Snyder and Norma M. Feldman-Snyder

---

[1] The Court takes judicial notice of the following documents in Defendants' Request for Judicial Notice (dkt. no. 9): (1) a Note and a Deed of Trust executed by Norma M. Feldman; and (2) two Assignments of the Deed of Trust to U.S. Bank. The documents are public records and Plaintiffs neither contest their authenticity, nor oppose the request. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (explaining that under Fed. R. Evid. 201 a court may judicially notice matters of public record unless the matter is a fact subject to reasonable dispute).

1  ("Plaintiffs") were "upside down" in the home and contacted the loan servicer, Homeward
2  Residential, Inc., to obtain assistance with the mortgage loan. (*Id.*) A loss mitigation
3  agent informed Plaintiffs that they had to fall behind on their mortgage payments in order
4  to qualify for assistance. (*Id.*) Plaintiffs stopped making mortgage payments. (*Id.*)
5  However, Homeward Residential, Inc. never assisted Plaintiffs. (*Id.*)

6  Two corporate assignments of the Deed of Trust to U.S. Bank were recorded on
7  April 29, 2013 and June 3, 2013. (Dkt. No. 9-3.) In addition, on March 1, 2013, the
8  servicing of the Note was transferred from Homeward Residential, Inc. to Ocwen. (Dkt.
9  no. 1 at 10.) After receiving notice of the servicing transfer, Plaintiffs contacted Ocwen's
10 loss mitigation department to obtain assistance with the mortgage loan. (*Id.*) Plaintiffs
11 answered all of Ocwen's requests and sent them all required paperwork. (*Id.*) In July
12 2014, Ocwen's loss mitigation agent informed Plaintiffs that they reached an agreement.
13 (*Id.*) However, Plaintiffs assert that this "'agreement'" or '[o]ffer' never actually
14 materialized." (*Id.*) Ocwen then informed Plaintiffs that Defendants were moving
15 towards foreclosure. (*Id.*)

16 Plaintiffs filed the instant action on September 25, 2014, in the Eighth Judicial
17 District Court in Clark County, Nevada, naming U.S. Bank and Ocwen as Defendants.
18 (*Id.* at 8-13.) Defendants removed this action on October 15, 2014. (Dkt. no. 1.)
19 Defendants now collectively move for dismissal.

20 Although the Complaint does not label a cause of action, the Court construes it to
21 allege a single claim for fraudulent misrepresentation arising from Plaintiffs' endeavor to
22 obtain a modification of the mortgage loan from Defendants.[2]
23 ///

---

[2] The Complaint contains allegations relating to the "securitization" of the Note and "games of 'hide the beneficiary' and 'rotate the servicers.'" (Dkt. no. 1 at 10-11.) To the extent Plaintiffs are asserting a claim for fraudulent misrepresentation based on theories relating to the securitization of the mortgage loan, Plaintiffs are legally foreclosed from advancing such a claim, as these theories fail as a matter of law. *See Feldman-Snyder v. Leman Bros. Holdings Inc.*, No. 2:13-CV-00445-MMD-VCF, 2013 WL 4520529 (D. Nev. Aug. 23, 2013) (rejecting Plaintiff Norma Feldman-Snyder's fraudulent misrepresentation claim involving the same mortgage loan to the extent she based the claim on theories relating to the securitization of the mortgage loan).

2

### III. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Rule 8 notice pleading standard requires Plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but not shown — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material

3

elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)).

## IV. DISCUSSION

### A. Standing

Defendants assert that Plaintiffs do not have standing to bring this lawsuit. A party seeking to invoke the jurisdiction of the federal courts must "satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (citation and internal quotation marks omitted). To satisfy Article III's standing requirements, the plaintiff must show (1) she has "suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* (citation and internal quotation marks omitted).

Lack of standing based on Article III requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Id.* However, Defendants have improperly raised the constitutional standing argument under Federal Rule of Civil Procedure 12(b)(6). Therefore, the Court will deny the argument at this time.

Moreover, given that the Complaint is not entirely clear and, as explained below, Plaintiffs have failed to state a claim, the Court will allow Plaintiffs leave to amend the Complaint to more clearly articulate their standing. *Id.* (explaining a court may allow a plaintiff leave to amend the complaint to state "further particularized allegations of fact deemed supportive of plaintiff's standing") (citation omitted).

### B. Fraudulent Misrepresentation

To state a claim for fraudulent misrepresentation, a plaintiff must allege five elements: (1) the defendant made a false representation; (2) the defendant knew or believed the representation was false; (3) the defendant intended to induce the plaintiff to act or to refrain from acting in reliance on the misrepresentation; (4) the plaintiff

4

justifiably relied on the misrepresentation; and (5) the plaintiff suffered damages from the reliance. *Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992).

Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy this standard, a plaintiff must plead "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'"[3] *Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1066 (9th Cir. 2004)). Rather than only identifying the transaction, the complaint must also "set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (citation and internal quotation marks omitted). Furthermore, when a fraud suit involves multiple defendants "[r]ule 9(b) does not allow a complaint to merely lump [the] defendants together but requires plaintiffs to differentiate their allegations . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz*, 476 F.3d at 764-65 (internal quotation marks and alterations omitted).

Here, Plaintiffs have not adequately pleaded fraud with requisite particularity. An obvious deficiency of the Complaint is Plaintiffs' lumping of both Defendants together. Plaintiffs do not separately notify U.S. Bank and Ocwen of their respective roles in the fraud. Plaintiffs also fail to sufficiently plead the elements of their claim. Specifically, Plaintiffs do not identify the content of each Defendant's representations, what is false or misleading about the statements, when they were made, and who made them. Plaintiffs also do not allege that each Defendant knew the representations were false. Finally, Plaintiffs fail to show that they justifiably relied on each Defendant's false representations or that they suffered damages as a result of their reliance. Thus, Plaintiffs have failed to state a claim upon which relief can be granted.

///

---

[3] This is also described as "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation and internal quotation marks omitted).

In the Complaint, Plaintiffs refer to the Nevada Supreme Court's decision in *Rocker v. KMPG, LLP*, to argue that a relaxed pleading standard should apply to this case. 148 P.3d 703 (Nev. 2006) (overturned on other grounds by *Buzz Stew, LLC v. City of N. Las Vegas,* 181 P.3d 670, 672 (Nev. 2008)). Under *Rocker*, where the facts necessary for pleading with particularity "are peculiarly within the defendant's knowledge or are readily obtainable by him," the court may apply a relaxed pleading standard. *Id.* at 708 (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)). In such a situation, the court may permit the plaintiff to conduct limited discovery such that an amended complaint pleading fraud with particularity may be filed. *Id.* at 709. However, before *Rocker* discovery may be permitted, the plaintiff must: (1) plead sufficient facts to support a strong inference of fraud; (2) aver that a relaxed pleading standard is appropriate; and (3) show in the complaint that the claim cannot be pleaded with more particularity because the necessary information is in the defendant's possession. *Id.*

Plaintiffs have not demonstrated that a relaxed pleading standard should apply to this case. Not only do Plaintiffs fail to identify any false representations to support a strong inference of fraud, but they also fail to explain why the information necessary for them to comply with Rule 9(b) is within Defendants' knowledge or possession. Instead, the Complaint describes Plaintiffs' interactions with Defendants regarding the loan modification for at least one year, including sending Defendants all of the paperwork they requested and reaching an "agreement" with Ocwen's agent. (Dkt. no. 1 at 10.) Because Plaintiffs were actively involved in the loan modification process, they should have sufficient knowledge of the relevant facts necessary to support their claim. Thus, *Rocker*'s relaxed pleading standard does not apply.[4]

///

///

---

[4] Plaintiffs' Complaint also does not meet the Ninth Circuit's criteria, which applies a relaxed pleading standard to "permit discovery in a limited class of corporate fraud cases where the evidence of fraud is within a defendant's exclusive possession." *U.S. Ex. Rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (citation omitted).

Accordingly, the Court will grant Defendants' Motion. However, because the Court cannot find that amendment would be futile, the Court will grant leave to amend. Fed. R. Civ. P. 15(a); *Forman v. Davis*, 371 U.S. 178, 182 (1962).

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines they did not warrant discussion as they do not affect the outcome of the Motion at this time.

It is therefore ordered that Defendant's Motion to Dismiss (dkt. no. 8) is granted. Plaintiffs may file an amended complaint within fifteen (15) days to assert a fraudulent misrepresentation claim to the extent that Plaintiffs are able to allege sufficient facts to cure the deficiencies identified in this Order. Failure to file an amended complaint will result in dismissal of Plaintiffs' claim with prejudice.

DATED THIS 27th day of May 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE