UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM L. SNYDER and NORMA M. FELDMAN-SNYDER,<br><br>　　　　　　　　Plaintiffs,<br>　v.<br><br>U.S. BANK, N.A. and<br>OCWEN LOAN SERVICING, LLC,<br><br>　　　　　　　　Defendants. | Case No. 2:14-cv-01697-MMD-PAL<br><br>ORDER |

## I.  SUMMARY

Plaintiffs have filed an Amended Complaint following the Court's Order dismissing their initial Complaint. In that Order, the Court dismissed Plaintiffs' claim against Defendants with leave to amend and cautioned that failure to file an amended complaint will result in dismissal of Plaintiffs' claim with prejudice. (Dkt. no. 16 at 7.) Plaintiffs have timely filed an Amended Complaint, but named only Defendant Ocwen Loan Servicing, LLC. (Dkt. no. 18.) Because Plaintiffs have not amended their claim against Defendant U.S. Bank, N.A., any claim against U.S. Bank is dismissed with prejudice. (*See* dkt. no. 16 at 7.) Plaintiffs' motion for voluntary dismissal of U.S. Bank, N.A. (dkt. no. 20) is denied as moot.

Plaintiffs have also moved for preliminary injunction. (Dkt. no. 19.) However, in their motion, Plaintiffs ask the Court to "set a hearing to show cause why a Preliminary Injunction should not be granted." (*Id.* at 1.) Plaintiff is not entitled to a show cause

hearing. As the moving parties, Plaintiffs bear the burden of establishing that they are entitled to preliminary injunctive relief.[1] Plaintiffs have not satisfied this burden. In fact, Plaintiffs' motion does not even explain what preliminary relief they seek or the basis for their request. The Court finds that it would not serve the purposes of judicial economy to require a response from Defendant. For these reasons, Plaintiff's motion for preliminary injunction (dkt. no. 19) is denied.

DATED THIS 16th day of June 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs should be apprised of the standard governing preliminary injunction. Federal Rule of Civil Procedure 65 governs the issuance of preliminary injunctions. A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.